Joseph Samo (SBN 208836)
SAMO LAW GROUP
2221 Camino Del Rio South, #305
San Diego, CA 92108
Tel:  (619) 672-1741
Fax: (619) 393-0293
joseph@samolaw.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIVA BETECH, on behalf of herself and similarly situated class members<br><br>Plaintiff,<br><br>v.<br><br>THE JUDGE LAW FIRM, ALC and THE GRANDE NORTH AT SANTA FE PLACE HOMEOWNERS ASSOCIATION<br><br>Defendants | CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT<br><br>JURY TRIAL DEMANDED<br><br>'18CV0729 L     MDD |

///

///

1

BETECH COMPLAINT

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Plaintiff, Aviva Betech ("Betech"), through her attorneys, brings this action to challenge the actions of The Judge Law Firm, ALC ("JLF") and The Grande North at Santa Fe Place Homeowners Association ("Grande North") (collectively "Defendants") regarding attempts by JLF to unlawfully and abusively collect a debt allegedly owed by Betech, conduct that caused Betech's damages.

4. Betech makes these allegations on information and belief, with the exception of those allegations that pertain to her, which Betech alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by JLF took place in California.

7. Any violations by JLF were knowing, willful, and intentional, and JLF did not maintain procedures reasonably adapted to avoid any such specific violation.

8. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

9. Betech does not allege that any state court judgment was entered against Betech in error.  Nor does Betech seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of JLF's violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq*., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code§§ 1788-1788.32.

12. JLF regularly operates within the county of San Diego, collecting consumer debts and filing hundreds of lawsuits, including the one against Betech in the San Diego Superior Court, which provides certain underlying facts here.

///

BETECH COMPLAINT

13. Grande North regularly operates within the county of San Diego to maintain properties within the county, and pursue HOA debts, through litigation if necessary.

14. Because Defendants do business and have the capacity to sue within the State of California, personal jurisdiction is established and venue is proper pursuant to 28 U.S.C. § 1391(b)(1) & (c)(2).

15. A substantial part of the events or omissions giving rise to the claim occurred in San Diego, California against Betech, who resides in San Diego, California. Therefore, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

16. At all times relevant, Defendants conducted business within the County of San Diego, the State of California.

## PARTIES

17. Betech is a natural person who resides in the City of San Diego, State of California.

18. JLF is a professional corporation organized and existing under the laws of the State of California, with its place of business in the City of Irvine in the State of California.

19. Grande North is a homeowners association organized and existing under the laws of the State of California. It is located in the City of San Diego in the State of California.

20. *Consumer/Debtor*. Betech is a natural person allegedly obligated to pay a debt and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), and Cal Civ. Code § 1788.2(h).

### JLF is a Debt Collector Under the FDCPA

21. JLF is a law firm that uses an instrumentality of interstate commerce, including mail. JLF regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, and is

4

BETECH COMPLAINT

therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

22. JLF frequently and on a regular basis, collects debts on behalf of its clients, including Grande North.

23. JLF engages in this debt collector activity by sending debt collection communications and making telephone calls to consumers, always alleging that these consumers owe consumer debts, as the term is defined by the FDCPA and RFDCPA, and demanding payment of the alleged debt.

24. JLF's own website thejudgefirm.com lists Defendant's focus and specialty in "judicial collections, debt purchases." *See* http://www.thejudgefirm.com.

25. According to JLF's website, JLF "has developed a streamlined approach to recovering delinquent assessments for homeowners associations." *See* http://www.thejudgefirm.com/judgelaw-collections/.

26. Further, JLF "uses one of three available options to collect the delinquent assessment: non-judicial foreclosure; judicial foreclosure; and a civil suit. Each collection method has its own advantages and disadvantages and we will tailor our collection methods based on the amount of the delinquent assessment and status of the homeowner's mortgage and to meet the homeowners association's needs." *See* http://www.thejudgefirm.com/judgelaw-collections/.

**JLF and Grande North are "Debt Collectors" Under the RFDCPA**

27. Both Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b). They are, therefore, debt collectors as that term is defined by Cal. Civ. Code § 1788.2(c).

28. Specifically, JLF is a debt collector pursuant to Cal. Civ. Code § 1788.2(c) because it regularly collects debts on behalf of itself and its

clients as fully described above.

29. In this particular case, JLF collected a debt on behalf of Grande North.

30. Grande North is a debt collector as the term defined under Cal. Civ. Code § 1788.2(c) because it regularly collects debts on behalf of itself by hiring JLF, authorizing JLF to act on its behalf, directing JLF to file cases and/or collecting on judgments for various debts which Grande North owns.

31. Grande North regularly holds itself out to the public as an entity that collects debts in a form recognized by the RFDCPA, that is, through "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person," as "debt" is defined by Cal. Civ. Code § 1788.2(d).

32. Grande North charges homeowners assessment and property-related ("HOA") fees for their services on monthly basis.

33. When homeowners fail to pay Grande North's assessment and property-related fees, Grande North regularly collects on delinquent accounts by assessing late fees, communicating with debtors both orally and in writing, filing and litigating lawsuits against debtors, and obtaining default judgments.

34. At times, Grande North files cases in San Diego Superior Court against homeowners/consumers to collect on various debts in relation to homeowner association fees or other financial obligations owed or allegedly owed to Grande North.

35. Once Grande North obtains a judgment against a debtor, it pursues that judgments by conducting a debtor's exam regarding debtor's assets, filing a memorandum of costs and writ(s) of execution with the court, and then collecting on debtor's debt through levying debtor's assets.

36. Grande North's acts and practices in collecting HOA fees, including corresponding with debtors, litigating cases, conducting judgment debtor

BETECH COMPLAINT

exam(s), filing memorandum(s) of costs, and subsequently levying debtor's accounts constitute attempts to collect debts, as described by Cal. Civ. Code § 1788.2(b), and thus, Grande North is a debt collector under Cal. Civ. Code § 17882(c).

### This Case Involves "Consumer Debt"

37. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person to another person, and is, therefore a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d), and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

38. Specifically, this case arises out of allegedly delinquent financial obligations owed by Betech to Grande North in relation to HOA fees. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

39. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

### FACTUAL ALLEGATIONS

40. In 2010, Grande North sued Betech for unpaid HOA fees in a San Diego Superior Court (37-2010-00104118-CL-BC-CTL).

41. (At some point, this alleged debt was assigned, placed, or otherwise transferred to JLF—Grande North's counsel in the matter described in paragraph 40—for collection.)

42. Grande North won the superior court case and then instructed JLF to file two memorandums of costs after judgment: one in 2013 and one in 2016.

43. In addition, Grande North instructed JLF to send Betech a collection letter outlining Betech's alleged debt.

///

44. The letter (sent on June 29, 2017) alleged that Betech owed:
    - Assessments through September 3, 2009: $7,055.11
    - Attorney's Fees: $4,380.00
    - Collection Cost: $3,454.39
    - PI Interest: $4,957.43
    - Sub-total: $19,846.93
    - Less Payments Received: $512.55
    - Total Balance Due: $19,334.38

45. The letter went on to say, "[s]hould you request additional detailed correspondence, demands, or payment plans, please be advised that attorney fees and costs may increase."

46. The letter further advised Betech "that the 'Collection Cost' accounted for above includes the charges for the preparation and recording of all releases associated with this matter. Should you prefer to record the releases yourself and to not incur the costs associated with the same as noted above, please notify our office and we will provide you with copies of the executed documents for recording." In other words, JLF had not yet incurred collection costs—that's why it offered Betech the opportunity not incur the costs—but included them in Betech's total, nevertheless.

47. And finally, the letter instructed Betech to "[b]e advised that there may be an additional payment plan set up fee of $275.00 plus $20.00 per month for the duration of the plan."

*Vicarious Liability Under the Rosenthal Act*

48. At all relevant times, JLF was an authorized agent of Grande North as Grande North's attorney.

49. The actions of the attorney are to be imputed to the client on whose behalf the are taken.

50. A relationship between attorney and the client is a "principal-agent" relationship.

51. At all relevant times, the actions taken by JLF were in the scope of the agency relationship and in furtherance of Grande North's interest and therefore are imputed upon Grande North.

52. Because prior to these above described debt collection activities occurring, Grande North had retained JLF as Grande North's legal representative for the sole purpose of collecting Grande North's debts, and because JLF was Grande North's legal representative at the time the above described debt collection activities took place, and even continues to be Grande North's legal representative today, and because the above described debt collection activities, acts and omissions of JLF were conducted by JLF at the direction and control of Grande North, JLF's activities, acts and omissions are imputed Grande North under the common law doctrine of agency, that is, respondeat superior, generally, and vicarious liability, specifically. Consequently, any liability of JLF is also the liability of Grande North, as JLF was attempting to collect debts for Grande North and acting at the direction and control of Grande North, when those illegal activities, acts and omissions occurred.

53. Grande North, as fully described above, directed JLF to collect amounts larger than authorized and is, therefore, vicariously liable for JLF's actions under the Cal. Civ. Code § 1788.13(e).

## CLASS ACTION ALLEGATIONS

54. Betech brings this action on behalf of herself and all others similarly situated as a members of the proposed class ("Class"). This class is defined as follows: all persons within California who received any collection correspondence from JLF—on behalf of Grande North—that contains language identical or substantially similar to the June 29, 2017

correspondence that Betech received from JLF, specifically, the quoted language in paragraphs 45 through 47, provided that this correspondence took place within nor more than one year before the filing of this Complaint.

55. Betech represents, and is a member of, the Class because Betech received JLF's June 29, 2017 correspondence, which outlines Defendants' unlawful debt collection acts that are the subject of this lawsuit.

56. Defendants, as well as their employees and agents, are excluded from the Class. Betech does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

57. Betech and the Class were harmed by the acts of Defendants in at least the following ways: (a) Defendants, either directly or through their agents, threatened to charge Betech and the Class for additional detailed correspondence, or demands; (b) Defendants, either directly or through their agents, threatened to charge Betech and the Class for collection costs that had not yet accrued; and (c) Defendants, either directly or through its agents, threatened to charge Betech and the Class to set up a payment plan.

58. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the Class members are unknown to Betech at this time and can only be ascertained through appropriate discovery, Betech is informed and believes and thereon alleges that the Class includes hundreds of members. Betech alleges that the Class members may be ascertained by the records maintained by Defendants.

59. The suit seeks damages on behalf of the Class. This suit does not request any recovery for personal injury and claims related thereto. Betech

reserves the right to expand the Class definition to seek recovery on behalf of additional persons as facts are learned in through investigation and discovery.

60. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

- Whether Defendants' collection notice, specifically, the language contained in paragraphs 45 through 47, violated the FDCPA;
- Whether Defendants' collection notice, specifically, the language contained in paragraphs 45 through 47, violated the RFDCPA; and
- Whether Defendants' letter is false and misleading to the least sophisticated consumers.

61. Betech is asserting claims that are typical of the Class: Betech received a collection notice from JLF that threatened to charge her for (a) additional detailed correspondence, or demands; (b) collection costs that had not yet accrued; and (c) a payment plan.

62. Betech will fairly and adequately protect the interests of the members of the Class. Betech has retained attorneys experienced in the prosecution of class actions. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments

and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

63. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

## FIRST CAUSE OF ACTION
## 15 U.S.C. § 1692 *et seq.*
## (Against JLF Only)

64. Betech repeats, re-alleges, and incorporates by reference paragraphs 1–63.

65. Betech alleges that JLF violated 15 U.S.C. §§ 1692f and 1692e.

*15 U.S.C § 1692f*

66. 15 U.S.C. § 1692f says that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." This includes, but is not limited to, "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating a debt or permitted by law." 15 U.S.C. § 1692f(1).

67. The effect of the quoted language in paragraph 45 is to discourage Betech from inquiring into the collection letter: she cannot question its legitimacy, clarify its contents, or inquire into a payment plan without the threat of accruing additional fees. JLF is, in so many words, asking Betech to pay the debt and not ask questions. This is an unfair and unconscionable

means of collecting a debt. Thus, JLF violated 15 U.S.C. §1692f.

68. Furthermore, there is no justification for the payment plan charges in paragraph 47. This is simply a means of discouraging negotiation in order to secure a lump sum payment. This is also an unfair and unconscionable means of collecting a debt. Thus, JLF has again violated 15 U.S.C. §1692f.

69. Regarding 15 U.S.C §1692f(1), there is nothing explicit about theoretical attorney's fees and costs that "may increase" as a result of prospective "correspondence, demands, or payment plans." Nor is there anything explicit about the warning in paragraph 47 that "there **may** be an additional payment plan set up fee of $275.00 plus $20.00 per month for the duration of the plan." Thus, these arbitrary fees could not have been explicitly authorized by an agreement creating a debt or permitted by law, as is required by 15 U.S.C. § 1692f(1).

70. The charges in paragraph 46 are also speculative because the releases had not been prepared or filed when the collection letter was mailed: hence, the suggestion to "record the releases yourself and to not incur the costs associated with [collection cost] . . . ." In effect, JLF is charging Betech with expenses that it had not yet incurred, which means JLF didn't know the amount of the collections costs. Such expenses could never be explicit because they might not accrue, and are unspecified. So these charges were not explicitly authorized by an agreement creating a debt or permitted by law, as required by 15 U.S.C. §1692f(1).

*15 U.S.C § 1692e*

71. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. This includes, but is not limited to,

- "[t]he false representation of—the character, amount, or legal status of

13

BETECH COMPLAINT

  any debt;"
- "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken;" and
- "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692(e)(10).

72. Again, the collection costs in paragraph 46 had not yet accrued when the collection letter was mailed. Thus, JLF falsely represented the total amount that Betech owed. JLF was therefore not authorized to collect these unspecified amounts. Thus, it violated 15 U.S.C. §§ 1692e(2)(A).

73. Because JLF had not incurred the fees associated with preparing and recording releases, the letter amounts to a threat to take action that cannot legally be taken. Thus, JLF violated 15 U.S.C. §1692e(5).

74. Finally, even though JLF was not entitled to the collection costs quoted in paragraph 46, it nevertheless inferred that it was by including those costs in Betech's total. Thus, it falsely represented that Betech owed collection costs. This violated 15 U.S.C. § 1692(e)(10).

## SECOND CAUSE OF ACTION
## Cal. Civ. Code§1788 *et seq.*
## (Against JLF and Grande North)

75. Betech repeats, re-alleges, and incorporates by reference paragraphs 1–74.

76. Cal. Civ. Code§1788.17 says that "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in § 1692k of, Title 15 of the United States Code." This, of course, includes sections 1692e and 1692f.

77. Cal. Civ. Code § 1788.13 says that "no debt collector shall collect or

attempt to collect a consumer debt by means of the following practices: [t]he false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation."

78. JLF violated Cal. Civ. Code §1788.17 through incorporation of §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f 1692f(1), as illustrated above.

79. Further, JLF also represented that it might collect attorney's fees and costs in paragraphs 45 through 47. For the reasons stated above, it was not authorized to collect these fees and costs. JLF thus violated Cal. Civ. Code § 1788.13.

80. And finally, because JLF acted on behalf of Grande North as Grande North's agent, Grande North is also liable to the Class under Cal. Civ. Code §1788.17.

## PRAYER FOR RELIEF

Betech prays that judgment be entered against Defendants and that she and the class be awarded damages from Defendants, as follows:

## FIRST CAUSE OF ACTION
## 15 U.S.C. § 1692 *et seq.*
## (Against JLF Only)

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief this Court should deem just and proper.

///

## SECOND CAUSE OF ACTION
## Cal. Civ. Code §1788 *et seq.*
### (Against JLF and Grande North) An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);

- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).
- Any other relief this Court should deem just and proper.

81. Pursuant to the seventh amendment to the Constitution of the United States of America, Betech is entitled to, and demands, a trial by jury.

Date: April 12, 2018                                **Samo Law Group**

By: ___[signature]___
Joseph Z. Samo, Esq.
Attorney for Plaintiff

**BETECH COMPLAINT**